Erika Ross, Attorney Arkansas Municipal League Post Office Box 38 North Little Rock, AR 72115
Dear Ms. Ross:
You have requested my opinion pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), A.C.A. § 25-19-101
through -107), concerning the release of certain records under the FOIA.
You indicate that you represent the City of Cabot in litigation involving a former Cabot city employee. The city has reportedly received an FOIA request for all records "regarding, reflecting or pertaining to any claim of discrimination on the basis of sex" relating to the former employee's employment with the city. You further indicate that you have advised the former employee of the request and that her counsel has objected, asking that you forward her objection to me and seek my opinion on what, if anything, the custodian should disclose.
Through correspondence to the former employee's counsel, the city has indicated its intention to proceed as follows:
 The City has determined that a portion of these records are exempt from disclosure. Specifically, records constituting a clearly unwarranted invasion of personal privacy, such as addresses, telephone numbers, payroll deductions and the like are exempt from disclosure under Ark. Code Ann. § 25-19-105(b)(12) and will not be provided.
 In addition, employee evaluation or job performance records will not be provided unless they formed a basis for the City's decision to terminate your employment and there is a compelling public interest in their disclosure.
 The City will provide all other non-exempt records in its possession which are responsive to this FOI request.
You do not specify what particular records may fall within the scope of the request.
RESPONSE
Because I have not been provided with copies of the requested records, I am unable to render an opinion as to the correctness of the city's determinations regarding the release of specific documents. Nevertheless, I will provide a review of the law the custodian should apply in making these determinations.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos.2000-130; 99-147, citing Watkins, The Arkansas Freedom of InformationAct (3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee. A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. Again, the question of whether the records at issue here contain disclosable information under this standard is a question of fact that must be made in the first instance by the custodian of the records.
Employee Evaluation/Job Performance Records
The FOIA uses but does not define the term "employee evaluation/job performance records." This office has taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Ark. Op. Att'y Gen. No. 2000-242. Without reviewing the records, I am unable to determine which of the former employee's evaluations or job performance records might be responsive to the particular request in this instance.
"Employee evaluation/job performance records" are subject to disclosure under the FOIA only if the following three conditions apply:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether the above-listed conditions have been met is one of fact to be resolved in the first instance by the custodian of records. Although you imply in your request that the city indeed terminated the former employee,[1] I have no information regarding the status or current availability of any appeal of the termination. The custodian will need to review the record in order to determine whether the first condition listed above has been met. He or she must further determine, again as a factual matter, whether the remaining two conditions have been met. The most difficult of these, of course, is the third condition — whether there is a compelling public interest in disclosing the records in question.
The FOIA does not define the term "compelling public interest." Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question." Watkins, supra at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy." Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In the present case, I have no information regarding the employee's former position, her status in the public hierarchy or any details regarding the circumstances giving rise to her dismissal. Accordingly, I can do no more than set forth the general standards the custodian should observe in determining whether a compelling public interest exists in release of the records.
The Privacy Interest of the Other Employees
Even if the custodian determines that circumstances warrant releasing the requested records under one of the above standards, the custodian must further review the records to determine whether they implicate a constitutionally protectable personal privacy interest of anyone named therein. Only the custodian of the records is in a position to make such a determination based upon the available information. Moreover, if the custodian makes the further factual determinations discussed below, the names of other individuals that are reflected in the records, and any other personal identifiers of these individuals, should be redacted prior to their release to the requestor. See Ops. Att'y Gen. Nos. 2001-028; 2000-174; 2000-058; 96-356.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian determines factually that any of the records meet the three prongs of the test laid out by the McCambridge court, he or she must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the custodian determines that the privacy interest in protecting the individuals' identities outweighs the public's interest in knowing those identities, he or she should redact these individuals' names and personal identifiers before releasing the records.[2]
In addition, the custodian in this particular case should remain aware of several possibly relevant issues. First, any record under consideration may be subject to other exemptions from disclosure, as listed in A.C.A. § 25-19-105. Second, the custodian should review any requested record to determine whether it contains specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Furthermore, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the listed telephone number should be redacted as well. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ark. Op. Att'y Gen. No.99-054. The FOIA further exempts from disclosure the home addresses of nonelected state, county and municipal employees. A.C.A. §25-19-105(b)(13).
Finally, with respect to the custodian's tentative decision to withhold information relating to payroll deductions, I will recite the following from Ark. Op. Att'y Gen. No. 99-327:
 If the records in question in fact contain . . . state income tax withholding information, § 25-19-105(b)(1) will likely apply to prevent disclosure. See generally Op. Att'y Gen. 91-093. The mere fact that the files contain information pertaining to . . . income or other financial information is not, however, a sufficient basis for concluding that this exemption applies.
Specifically with respect to payroll deductions, one of my predecessors observed in Ark. Op. Att'y Gen. No. 2001-112:
 This office has repeatedly opined that to release payroll deduction information would amount to a clearly unwarranted invasion of privacy, as would the release of any record containing intimate financial details. See Ark. Ops. Att'y Gen. Nos. 98-173; 98-126; 95-242; 94-235; 91-093; and 87-422.
I fully agree with these statements.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] I draw this inference from the city's counsel's reference, set forth in the notice of the request to the former employee, to "the City's decision to terminate your employment."
[2] Records that name more than one employee could also constitute the "personnel records" of all of those employees. The release of such records should therefore be analyzed under the "clearly unwarranted" test discussed above in the text of this opinion. Such an analysis may result in a determination that certain names (but not others) should be redacted. I should note that a custodian could reach this conclusion even without conducting a constitutional privacy analysis.